Argued and submitted November 20, convictions affirmed; remanded for resentencing on attempted assault conviction only December 17, 1986, reconsideration denied March 13, petition for review denied April 7, 1987 (303 Or 261)

STATE OF OREGON,
*Respondent,*

*v.*

THOMAS LOYD SMITH,
*Appellant.*

(M-85-1435; CA A39167)

728 P2d 1386

Darryl E. Johnson, Roseburg, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted by a jury of one count of resisting arrest, ORS 162.315, one count of failure to display an automobile operator's license, ORS 482.040, two counts of assaulting a public safety officer, ORS 163.208, and one count of attempting to assault a public safety officer. The trial court sentenced him to a total of 120 days in jail, which includes 30 days for each completed assault and 30 days for the attempted assault.

Defendant contends, *inter alia,* that the trial court erroneously sentenced him for three completed assaults rather than two completed assaults and one attempted assault.[1] The confusion arises because the "Order of Sentence" form that the court used in sentencing for the attempted assault could be incorrectly interpreted as indicating that defendant had been convicted of a third completed assault, even though it is apparent that the court understood at the time of sentencing that defendant had been convicted of only two completed assaults and intended to sentence him accordingly. Therefore, we affirm the convictions and remand for resentencing on the attempted assault charge only.

Convictions affirmed; remanded for resentencing on attempted assault conviction only.

---

[1] We have considered and reject defendant's other contentions.